IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-41-1H
No. 5:16-CV-618-H

JOHN WESLEY LLOYD, JR.,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255. [DE #53]. The government has moved to dismiss. [DE #58]. Petitioner responded with a filing entitled, motion to vacate pursuant to § 2255, [DE #62], which this court construes as a response and supplement to petitioner's motion, and considers herein. This matter is ripe for adjudication.

## BACKGROUND

On November 7, 2011, petitioner pled guilty, pursuant to a written memorandum of plea agreement, to distribution of five (5) grams or more of cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Three). [DE #28]. On May 8, 2012, the court sentenced petitioner to a total term of imprisonment of 180 months, a term below the guideline range pursuant to the granting of the government's motion

under United States Sentencing Guidelines ("USSG") § 5K1.1. [DE #43 and DE #46]. Petitioner did not appeal. On June 27, 2016, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, [DE #53], moving to vacate in light of Johnson v. United States, 135 S. Ct. 2551 (2015), arguing that his predicate offenses no longer qualify him as a career offender, [DE #53]. Petitioner argues in his supplement that in light of Mathis v. United States, 136 S. Ct. 2243 (2016), he should not have been designated as a career offender for prior Maryland drug convictions. [DE #62].

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner attempts to rely on 28 U.S.C. § 2255(f)(3) for timeliness, basing his claim upon both the Supreme Court's decision in Johnson made retroactively applicable in Welch v. United States, 136 S. Ct. 1257, 1265 (2016), and the Supreme Court's decision in Mathis. However, petitioner cannot rely on Johnson or its progeny here as he was not sentenced as an armed career criminal pursuant to ACCA, but rather as a career offender under the United States Sentencing Guidelines.[1] Petitioner's reliance on Mathis is equally misplaced as it addressed violent felony offenses under ACCA, not serious drug offenses as predicates for career offenders. Thus, petitioner's § 2255 motion is untimely pursuant to 28 U.S.C. § 2255(f)(3), and the timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f)(1).

Petitioner's judgment was entered on May 22, 2012. Petitioner did not file an appeal, and therefore his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Petitioner's § 2255 motion was not filed until June 27, 2016, well more than one year after the judgment became

---

[1] In Beckles v. United States, 137 S. Ct. 886 (2017), the Supreme Court declined to extend its ruling in Johnson to the residual clause of USSG § 4B1.2(a).

3

final, pursuant to § 2255(f)(1). Thus, petitioner's motion to vacate is untimely and therefore must be DISMISSED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #58], is GRANTED. Petitioner's motion to vacate, [DE #53], is DISMISSED. Petitioner's motion to vacate, [DE #62], is construed as a response. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 8TH day of January 2019.

*[signature]*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35